## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**LANA LATICE GOODWILL,**
**INDIVIDUALLY AND AS PERSONAL**
**REPRESENTATIVE OF THE ESTATE OF**
**ROYAL MADISON GOODWILL**

**CIVIL ACTION NO.**

                    **Plaintiff,**

**VERSUS**

**JUDGE BARBIER**
**MAG. JUDGE CURRAULT**

**BP EXPLORATION & PRODUCTION,**
**INC. AND BP AMERICA PRODUCTION**
**COMPANY**
                    **Defendants.**

**Related to:    12-968 BELO**
**                in MDL No. 2179**

### BELO COMPLAINT

COMES NOW, Plaintiff, LANA LATICE GOODWILL, ("Plaintiff") individually and as personal representative of the Estate of ROYAL MADISON GOODWILL, ("Decedent"), by and through the undersigned counsel, hereby brings this cause of action against BP Exploration & Production, Inc. ("BP Exploration") and BP America Production Company ("BP America") and hereby states as follows:

### INTRODUCTION OF PARTIES

1.  Plaintiff is a Natural Person of the age of majority, currently resides in Daphne, Alabama. and as such, is a citizen and resident of Baldwin County, Alabama. Plaintiff is personal representative of the Decedent's Estate pursuant to the Letters of Administration, entered by Judge Harry D 'Olive, Jr., on April 20, 2020, Court of Probate, County of Baldwin, the State of Alabama. (Letters of Administration is attached as Exhibit "**A**").

1

2.   Decedent worked as a Clean- Up Worker[1] for the BP Deepwater Horizon Oil Spill ("Oil Spill") from approximately May 2010 to October 2010 and, as such, is a Class Member as defined by the Medical Settlement Agreement (the "MSA").[2]

3.   Pursuant to the terms of the MSA, Defendants herein are BP EXPLORATION & PRODUCTION, INC., and BP AMERICA PRODUCTION COMPANY (collectively "BP Defendants"). BP Defendants are both incorporated in Delaware with the principal place of business in Houston Texas.

**JURISDICTION AND VENUE**

4.   This is a Back-End Litigation Option lawsuit ("BELO") for Later Manifested Physical Conditions ("LMPC") filed pursuant to the terms and requirements of the MSA.[3]

5.   This Court has jurisdiction over this matter pursuant to 28, U.S.C. § 1332, because all of the parties are diverse in citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.   Additionally, this Court has Jurisdiction based on Federal Question under 28 U.S.C. §1331, in that Article III, Section 2 of the United States Constitution empowers the federal judiciary to hear "all cases of admiralty and maritime jurisdiction."

7.   This Court also has jurisdiction pursuant to 28 U.S.C. §1333; as well as the Admiralty Extension Act, 46 U.S.C. § 30101, which extends the admiralty and maritime jurisdiction of the

---

[1]   MSA § II.Q.

[2]    Deepwater Horizon *Medical Benefits Class Action Settlement Agreement*, *as Amended on May 1, 2012*, MDL  2179, Rec. Doc. 6427-1 (May 3, 2012), § I.A; § II.EEE.

[3]   MSA § VIII.G.

United States to "cases of injury or damage, to person or property, caused by a vessel on navigable waters, even though the injury or damage is done or consummated on land."

8.   The Eastern District of Louisiana has and retains jurisdiction pursuant to the MSA and approval order thereon. "[T]he [c]ourt retains continuing and exclusive jurisdiction over the Parties, the Medical Benefits Settlement Class Members and this Medical Benefits Class Action Settlement Agreement, to interpret, implement, administer and enforce the Medical Benefits Class Action Settlement Agreement in accordance with its terms."[4]

9.   The MSA in MDL 2179 requires all such BELO actions to be initially filed in this Court. The MSA, however, also provides that a BELO action may be later transferred to another district court if venue is more appropriate there. MSA, § VIII.G.1.c.

10. BP Defendants are both corporate citizens of Delaware, with their principal place of business in Houston, Texas, and are not citizens of the state in which the Plaintiff currently resides.

11. Plaintiff, on behalf of Decedent's Estate, has properly and timely complied with all condition precedents for a Class Member who is filing a claim for n LMPC and death, including, but not limited to, submitting a Notice of Intent to Sue and the obtaining of an Election Not to Mediate from the BP Defendants[5].

12. The Southern District of Alabama is the most appropriate venue. Decedent died in Mobile, Alabama.  Decedent worked during his clean-up operations for the Oil Spill partly in the Southern District of Alabama. While working as a Clean-Up Worker, the Decedent was exposed to oil, other hydrocarbons, and other substances released from the MC252 Well and/or the Deepwater Horizon and its appurtenances, and/or dispersants and/or decontaminants used in

---

[4]   MDL Rec. Doc. No. 8218 (approval order), MDL Rec. Doc. No. 6427-1 (MSA § XXVII); *see also*, MDL Rec. Doc. No. 14099 (BELO CMO).
[5] MSA § VIII.G

connection with the with his Response Activities.[6] Plaintiff's  current place of residence is in Daphne, Alabama. Moreover, a  majority of the witnesses and other relevant sources of proof, such as Decedent's doctors, are also located in the Southern District of Alabama. Considering the relative ease of access to sources of proof, the ability to  secure attendance of witnesses, and the ability to minimize costs of witnesses, the appropriate  venue for this cause of action is the Southern District of Alabama.

## GENERAL FACTS

13. The Oil Spill occurred with the blowout of the Macondo Well which was drilled by the Deepwater Horizon Rig (DHR) on the outer continental shelf in the Gulf of Mexico, approximately 130 miles southeast of New Orleans, Louisiana.

14. The explosions and fire on board the DHR occurred on or about April 20, 2010.

15. As part of its response to the *Deepwater Horizon Incident*, BP Defendants directed the use of vessels to, *inter alia*, recover oil coming to the surface of the Gulf of Mexico; skim oil from the surface of the water; and conduct in-*situ* burning of oil that reached the surface of the water. BP Defendants also employed vessels to tow and deploy booms—floating barriers intended to contain, deflect, or hold back oil floating in the water's surface.

16. BP Defendants are at fault for the Oil Spill and *Deepwater Horizon Incident*.[7] Since BP Defendants have stipulated to fault and this is equivalent to negligence, BP Defendants are

---

[6] *MSA*, § VIII.G(3)(b)(iii)

[7]   MSA § VIII.G(3)(b)(ii).

For purposes of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT for a LATER-MANIFESTED PHYSICAL CONDITION . . . the following issues, elements, and proofs of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT for a LATER-MANIFESTED PHYSICAL

responsible for any and all damages that were proximately caused as a result of this event, including, but not limited to any and all damages caused to class members who allege a "Later Manifested Physical Condition."[8]

17. Crude oil and other hydrocarbons were released following the explosion.

18. This crude oil contained benzene and other volatile organic compounds such as ethylbenzene, toluene, xylene and naphthalene, polycyclic aromatic hydrocarbons ("PAHs"), diesel fumes and heavy metals such as aluminum, cadmium, nickel, lead, and zinc.

19. Crude oil, which as described above contains chemicals such as benzene, PAHs, and many other chemicals that are toxic, move from the oil into the air. Once airborne, these chemicals and/or gasses, with pungent petroleum like odors, can blow over the ocean for miles, reaching communities far from the location of the Oil Spill.

20. Subsequently, Response Activities were performed by Clean-Up Workers under the direction of Unified Command.

21. As part of the Response Activities, BP Defendants purchased highly noxious chemical dispersants from Nalco and/or its subsidiaries, including COREXIT.  These dispersants were

---

CONDITION need not be proven and may not be litigated at trial . . . ii) The alleged fault of BP for the DEEPWATER HORIZON INCIDENT.

[8]   Section § VIII of the MSA titled Back -End Litigation Option For Later Manifested Physical Conditions is a misnomer. This title is a reference to a previous draft of the MSA which made reference to the date of manifestation as the important factor when differentiating Specific Physical Conditions and Later "Manifested" Conditions.   However, subsequent drafts changed this language from date of *manifestation* to date of *diagnosis*. The revised language required the Notice of Intent to Sue and materials therewith must be submitted to the Claims Administrator within 4 years of either the **first diagnosis** of that Later Manifested Physical Condition or the Effective Date, whichever is later.  Eventually, the final draft of the MSA contained this language of date of diagnosis. However, the title to the section was never changed to comport with the final language of the MSA.   Therefore, this section should be titled, "Later Diagnosed Physical Conditions." *See* MSA § VIII.

applied over large areas using various methods, including but not limited to, spraying from airplanes, spraying from vessels, and subsea injection, and were applied.

22. COREXIT contains hazardous substances; it is harmful to human health; including, but not limited to: acute and chronic physical and neurological conditions and diseases; respiratory and pulmonary conditions; cardiological conditions; adverse central nervous system effects; ocular conditions; dermal conditions; gastrointestinal conditions, liver and kidney effects, damage to developing fetuses; and various forms of cancers and metastatic diseases.

23. BP Defendants have already stipulated that Class Members (including Clean-Up Workers) were "exposed" to oil, and other hydrocarbons, and other substances released from the MC252 WELL and/or the *Deepwater Horizon* and its appurtenances, and/or Dispersants and/or decontaminants used in connection with the Response Activities.[9]

24. Plaintiff incorporates by reference and adopts as if set forth herein the Medical Class Action Complaint previously filed in In re: Oil Spill by the Oil Rig "Deepwater Horizon" in the Gulf of Mexico, on April 20, 2010 in the U.S. District Court for the Eastern District of Louisiana, as of April 16, 2012, in Civil Action No. 12-cv-968.[10] Plaintiff also  incorporates by reference and adopts as if set forth herein the MSA.

## CAUSE OF ACTION

25. During all relevant times, Decedent was a Clean-up Worker, performing Response Activities, including, but not limited to decontamination activities from approximately May 2010 to October 2010 for Associated Marine and Industrial Staffing Inc, and Hepaco.

---

[9]    *See* MSA § VIII.G(3)(b)(iii); § VIII.G(4) ("the BP defendants shall, following the filing of the BACK-END LITIGATION OPTION LAWSUIT, enter into appropriate stipulations to effectuate the provisions of Section VIII.G.").

[10]    Medical Class Action Complaint, No. 12-cv-968, Rec. Doc 1.

26. BP Defendants are at fault for the Oil Spill and *Deepwater Horizon Incident*.[11] Since BP Defendants have stipulated to fault and this is equivalent to negligence, BP Defendants are responsible for any and all damages that were proximately caused as a result of this event, including, but not limited to any and all damages caused to class members who allege a "Later Manifested Physical Condition".[12]

27. The MSA stipulates to the fact that this Decedent, a Class Member was exposed to oil, other hydrocarbons, and other substances released from the MC252 Well and/or the Deepwater Horizon  and its appurtenances and/or Dispersants and/or decontaminants used in connection with Response Activities need not be proven or litigated at trial.[13]

---

[11]   MSA § VIII.G(3)(b)(ii).

For purposes of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT for a LATER-MANIFESTED PHYSICAL CONDITION . . . the following issues, elements, and proofs of a MEDICAL BENEFITS SETTLEMENT CLASS MEMBER'S BACK-END LITIGATION OPTION LAWSUIT against a BACK-END LITIGATION OPTION DEFENDANT for a LATER-MANIFESTED PHYSICAL CONDITION need not be proven and may not be litigated at trial . . . ii) The alleged fault of BP for the DEEPWATER HORIZON INCIDENT.

[12]   Section § VIII of the MSA titled Back -End Litigation Option For Later Manifested Physical Conditions is a misnomer. This title is a reference to a previous draft of the MSA which made reference to the date of manifestation as the important factor when differentiating Specific Physical Conditions and Later "Manifested" Conditions.  However, subsequent drafts changed this language from date of *manifestation* to date of *diagnosis*. The revised language required the Notice of Intent to Sue and materials therewith must be submitted to the Claims Administrator within 4 years of either the **first diagnosis** of that Later Manifested Physical Condition or the Effective Date, whichever is later.  Eventually, the final draft of the MSA contained this language of date of diagnosis. However, the title to the section was never changed to comport with the final language of the MSA.  Therefore, this section should be titled, "Later Diagnosed Physical Conditions." *See* MSA § VIII.

[13]   MSA § VIII.G(3)(b) ("the following issues, elements, and proofs . . . against a [BELO Defendant] for a Later-  Manifested Physical Condition need not be proven and may not be litigated at trial . . . the alleged fault of BP for the *Deepwater Horizon* Incident; and . . . [e]xposure . . . to oil, other hydrocarbons, and other substances released from the MC252 Well and/or the

28. Decedent was exposed and came into contact with oil, other hydrocarbons, chemical dispersants, and other substances when his eyes, nose, mouth, and skin, and airways were exposed.

29. As a result of this exposure, Decedent was diagnosed with Multiple Myeloma on January 15, 2016.  Decedent's exposure during the time he worked as a Clean-Up Worker, for the Oil Spill was a substantial contributing cause of the above listed medical condition and Decedent's death on August 15, 2018.

30. As a result of Decedent's exposure, he suffered permanent injuries and death relating to Decedent's Later-Manifested Physical Condition.[14]

31. As a result of Decedent's medical condition and death, Plaintiff LANA LATICE GOODWILL individually and as personal representative of the Estate of ROYAL MADISON GOODWILL itemizes following damages:

(A) On behalf of the Estate,

    a. Pain and suffering of the Decedent from the date he suffered injuries until the date of his death;
    b. Mental anguish of the Decedent from the date he suffered injuries until death;
    c. Past medical expenses for treating the Decedent from the date he suffered injuries until the date of his death;
    d. Past Lost wages from the date he suffered injuries until death;
    e. Lost earnings from the date he suffered injuries until death;
    f. Loss of earning capacity of the Decedent- had he not suffered injuries;
    g. Lost accumulations;
    h. Other economic loss;
    i. Decedent's loss of enjoyment of life until the date of death;
    j. Funeral expenses;
    k. Burial expenses;
    l. Cost of administering the Estate.

(B) On behalf of the Plaintiff, LANA LATICE GOODWILL as surviving spouse of the Decedent
    a. Loss of Decedent's companionship and protection and her mental pain and suffering as a result of the Decedent's injury and death.

---

*Deepwater Horizon* and its appurtenances, and/or dispersants and/or decontaminants used in connection with the Response Activities.").

[14]  MSA § XVI A(3).

32. Moreover, Plaintiff seeks any and all damages or relief under the MSA and all applicable state and federal laws as well as any relief that this Honorable Court deems just and proper.

33. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff prays that the BP Defendants be duly cited to appear and answer this Complaint and that this Honorable Court grant Plaintiff relief to which she is entitled to under the law and against BP Defendants, including court costs and compensatory damages.

Respectfully Submitted,

**THE DOWNS LAW GROUP, P.A.**

*/s/ Charles D. Durkee*
**CHARLES D. DURKEE FL BAR NO: 998435**
3250 Mary Street, Suite 307
Coconut Grove, Florida 33133
Telephone (305) 444-8226
Facsimile: (305)-444-6773
Email   ddurkee@downslawgroup.com
Attorneys for Plaintiff

## **CERTIFICATE OF SERVICE**

This is to certify that a true and correct going of the foregoing instrument was filed with the Clerk of Court by using the CM/ECF system. Notice of this filing will be sent to all counsel of record registered to receive electronic service by operation of the Court's electronic filing system.

Dated this 5th day of November 2020

*/s/ Charles D. Durkee*

Charles D. Durkee